IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MUHAMMAD NAUMAN IMAM, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:26-mc-25 (LMB/IDD) |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiffs Muhammad Nauman Imam and Khadijah Mansoor's Time-Sensitive Motion for Return of Electronic Devices Unlawfully Seized by Customs and Border Protection (CBP) and of any Content Obtained Therefrom, Pursuant to Fed. R. Crim. P. 41(g), and Request for Expedited Hearing ("Motion") has become partially moot because the government has stated in open court that the devices at issue have been returned to the plaintiffs, and the plaintiff's request for an expedited hearing has been granted and the hearing was held today.

Remaining for resolution are the plaintiffs' legitimate concerns about what was done with their electronic devices, which were seized from them at Dulles International Airport on October 16, 2026. Plaintiff Monsoor's devices were returned to her by mail on October 21, 2026, and plaintiff Imam's devices were put in the mail to him on October 22, 2026.

For the reasons discussed in open court, the plaintiff's Motion [Dkt. No. 1] is GRANTED to the extent that they seek specific verified information about what, if anything, was done with their devices. Accordingly, it is hereby

ORDERED that by 5:00 p.m. on Monday, October 26, 2026, the defendants explain why the devices of both plaintiffs were seized and why they were held, in Mansoor's case for

approximately four days, and in Imam's case for six days before being returned to them; and it is further

ORDERED that defendants also provide at the same time declarations made under the penalty of perjury of each person who handled any of the devices. These declarations must clearly explain what the declarant did with the device, including explaining whether he or she unlocked or accessed the contents of any device, identify the specific device unlocked or accessed, and describe exactly what content was reviewed and what was done with any accessed content. If the declarant accessed content, the declaration must also clearly explain how access was achieved, i.e., whether obtained by a manual search or by a forensic search.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this 23rd day of October, 2026.

Alexandria, Virginia

/s/ LMB
Leonie M. Brinkema
United States District Judge