**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MUHAMMAD NAUMAN IMAM,<br>KHADIJAH MANSOOR,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>*Defendants*. | ) | Case No. 1:26-mc-25 (LMB/IDD) |

**PUBLIC MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO FILE *EX PARTE*, UNDER SEAL DECLARATIONS**

Pursuant to Local Civil Rule 5(C), Defendants, by and through their undersigned counsel, hereby respectfully submit this public memorandum of law in support of their motion for leave to file ex parte, under seal Declarations in response to this Court's October 23, 2026 Order (Dkt. 9).

**BACKGROUND**

On October 20, 2026, Plaintiffs moved, pursuant to Federal Rule of Criminal Procedure 41(g), for the immediate return of four electronic devices taken by U.S. Customs and Border Protection ("CBP") officers at Washington Dulles International Airport. *See* Dkt. 1, at 1. Plaintiffs contend such takings are an ongoing seizure and violate the Fourth Amendment. *Id.* at 7-16. Plaintiffs also argue that any search conducted on such devices would be unlawful because of the alleged Fourth Amendment violation. *Id.* They also argue that the return of the devices does not moot this motion. *Id.* at 16. Plaintiffs requested that all electronic devices be returned to them and all evidence be returned or destroyed. *Id.* at 16. *Finally*, Plaintiffs contend that any argument regarding mootness "must be supported by sworn, specific, first-hand testimony subject to examination, with chain-of-custody and forensic-tool logs." *Id.* at 16.

On October 23, 2026, this Court held a hearing on this action. *See* Dkt. 8 (minute entry). Following oral argument, this Court entered an Order. *See* Dkt. 9. In the Order, the Court noted that Plaintiffs' motion "has become partially moot because the government has stated in open court that the devices at issue have been returned to the plaintiffs, and the plaintiff's request for an expedited hearing has been granted and the hearing was held today." *Id.* at 1. The Court noted, however, that Plaintiffs have "legitimate concerns about what was done with their electronic devices." Therefore, this Court ordered Defendants to provide an explanation as to why "the devices of both plaintiffs were seized and why they were held." *Id.* The Court further ordered Defendants to provide declarations that "clearly explain what the declarant did with the device, including explaining whether he or she unlocked or accessed the contents of any device, identify the specific device unlocked or accessed, and describe exactly what content was reviewed and what was done with any accessed content." *Id.* at 2. The Court also ordered that if any contents were accessed by the Defendants, "clearly explain how access was achieved, i.e., whether obtained by a manual search or by a forensic search." *Id.*

## <u>ARGUMENT</u>

In light of the fact that the three Declarations include detailed information about law enforcement privilege information, Defendants request that the Court grant leave for Defendants to file the unredacted version of the declarations under permanent seal and permit their consideration *ex parte*.

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However,

the common law presumption in favor of public access can be overcome by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Likewise, litigants can overcome the First Amendment right of public access to documents by showing that "denial of access [is] . . . necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C)[1].

Defendants respectfully submit that all relevant standards, as well as the "*Ashcraft* factors," are satisfied by the circumstances presented here, and that there is a "compelling government interest" that outweighs the presumption of public access to these documents. *Rushford*, 846 F.2d at 253. With respect to the first *Ashcraft* factor—requiring public notice and opportunity to comment—Defendants have provided public notice of his request to file certain materials under seal. As stated in the notice, any interested member of the public and any other party may indicate their position on the motion.

---

[1] Local Rule 5(C) requires that the party moving to seal documents provide:

> (1) [a] non-confidential description of what is to be sealed; (2) [a] statement as to why sealing is necessary, and why another procedure will not suffice; (3) [r]eferences to governing case law; and (4) [u]nless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing.

The rule also provides that the moving party must provide a proposed order reciting "the findings required by governing case law to support the proposed sealing."

*Second*, Defendants are offering privileged law enforcement information to ensure compliance with this Court's October 23, 2026, Order (Dkt. 9). Sealing and *ex part*e filings are necessary to protect this information from both public dissemination and further dissemination of privileged information to Plaintiffs and thereby preserve the privilege that Defendants assert. Courts have often accepted such declarations not only under seal, but also *ex parte*, in such circumstances. *See*, *e.g.*, *Abu Irshaid v. Garland*, 1:24-cv-1405, Dkt. 73, Order at 3 (E.D. Va. Nov. 25, 2025) (Nachmanoff, J.) (sealing declarations because they "outline[] the processes and internal protocols government agencies use to screen and vet international air travelers."); *Franzone v. Lask*, No. 14-3043, 2015 WL 1379066, at *7 (S.D.N.Y. Mar. 26, 2015) ("In camera review is 'a practice both long-standing and routine in cases involving claims of privilege.'" (quoting *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003))); *In re The City of New York*, 607 F.3d 923, 948-49 (2d Cir. 2010); *Zivali v. AT&T Mobility LLC*, No. 08-10310, 2010 WL 5065963, at *1 (S.D.N.Y. Dec. 6, 2010) (permitting party to file "any ex parte declarations necessary to establish the basis for the claims of privilege"); *Comcast of Illinois X, LLC v. Multivision Elecs., Inc.*, No. 06-675, 2007 WL 1527849, at *2 (E.D. Mo. May 23, 2007) (noting court considered ex parte and under seal affidavit containing information about a substantive communication with counsel); *Fed. Election Comm'n v. Christian Coal.*, 178 F.R.D. 61, 64–65 (E.D. Va.), *order aff'd in part*, *modified in part*, 178 F.R.D. 456 (E.D. Va. 1998) ("[T]he court, over objection by the FEC, allowed CBN to submit ex parte for in camera inspection a Declaration from a C& L officer who provided additional clarifying information about the documents.").

Defendants respectfully request that the Court seal these documents permanently and consider them *ex parte* in order to preserve the law enforcement privileged information therein.

*Ex parte* consideration is warranted to avoid any possible implication that Defendants have waived the law enforcement privilege.

Accordingly, Defendants submit that the procedures proposed in this motion constitute the least drastic means available, in that only the portions of the Declarations which contain confidential and privileged information produced solely to respond to this Court's October 23, 2026 Order (Dkt. 9) will be provided to the Court under seal and *ex parte*. The remaining portions of the documents Defendants are submitting in response to this Court's Order will be publicly available.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Leave to File *Ex Parte*, Under Seal Declarations.

//

//

Dated: October 26, 2026

Respectfully submitted,

TODD BLANCHE
ATTORNEY GENERAL

THEOPHANI K. STAMOS
FIRST ASSISTANT UNITED STATES ATTORNEY

By: ________/s/________

CHRISTIAN J. COOPER
Special Assistant United States Attorney
KIRSTIN O'CONNOR
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3831/3799
Fax: (703) 299-3983
Email: Christian.Cooper@usdoj.gov
Kirstin.O'Connor@usdoj.gov
*Counsel for Defendants*